Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 17, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
*1368 Claimant worked as a workforce development specialist for a construction company for a little over a year. During this time, she became dissatisfied with various aspects of her job, including the longer commute occasioned by a temporary change in her work location, the expansion of her job responsibilities and her supervisor’s criticism of her work performance. In addition, claimant had conflicts with a coworker and believed that she was the target of harassment and discrimination by her supervisor. She filed a grievance claiming that she was subject to a hostile work environment and then resigned from her position two weeks later. Her application for unemployment insurance benefits was initially denied on the ground that she voluntarily left her employment without good cause. This determination was upheld by an Administrative Law Judge following a hearing and, ultimately, by the Unemployment Insurance Appeal Board. Claimant now appeals.
We affirm. Initially, it has been recognized that dissatisfaction with one’s job responsibilities, work environment or length of commute do not constitute good cause for leaving one’s employment (see Matter of Tsirakis [Commissioner of Labor], 122 AD3d 994, 995 [2014]; Matter of Neuman [Commissioner of Labor], 105 AD3d 1216, 1217 [2013]; Matter of Carcaterra [Association for Computing Mach., Inc. — Commissioner of Labor], 90 AD3d 1389, 1390 [2011]). Likewise, the inability to get along with a coworker or the criticism of a supervisor have also not been deemed good cause (see Matter of Harrington [Durett Bus. Mgt. Corp. — Commissioner of Labor], 98 AD3d 1161, 1162 [2012]; Matter of Augustus [Commissioner of Labor], 84 AD3d 1669, 1669-1670 [2011]). Inasmuch as the foregoing factors contributed to claimant’s decision to resign, she is not entitled to benefits. Notably, claimant’s allegations of harassment and discrimination were refuted by testimony adduced at the hearing, and this presented a credibility issue for the Board to resolve (see Matter of Persaud [Commissioner of Labor], 109 AD3d 1074, 1075 [2013]). Furthermore, her claims that the Administrative Law Judge discouraged her from obtaining legal representation and acted in an unfair manner are not substantiated by the record. Consequently, we find no reason to disturb the Board’s decision.
Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.
Ordered that the decision is affirmed, without costs.